SOULIE
vs.
SOULIE.

The dismissal of exceptions to the sufficiency of the security offered, does not work an irreparable injury, and an appeal therefrom will be dismissed as premature.

right to show why the court should not be satisfied with the security offered.

We are, however, of opinion, the appeal was premature. The dismissal of the exceptions worked no irreparable injury to the defendants. A judgment of the court below, sustaining the validity of the bond, could alone have such effect; and until that judgment was rendered, no injury was inflicted, while an appeal from it would not have redressed.

It is, therefore, ordered, adjudged and decreed, that the appeal be dismissed with costs.

SOULIE vs. SOULIE.

APPEAL FROM THE COURT OF THE PARISH AND CITY OF NEW-ORLEANS.

The Probate Court cannot entertain jurisdiction of a suit against the curator of an absentee.

This suit was brought to recover certain sums of money deposited in the bank, and others in the possession of defendant. The defendant was sued as the curator of an absentee. The money claimed had been received upon certain promissory notes, which the absentee had formerly taken as agent of the plaintiff, and while in the employ of the latter.

The defendant excepted to the jurisdiction of the court, and then pleaded to the merits.

The court sustained the exception, and the plaintiff appealed. The court considered the Probate Court to have no powers but those specially delegated; that the power of deciding on claims against the estates of absentees, is not included in the 924th article of the *Code of Practice;* and the 14th section of the act of March 25, 1828, entitled "An act further amending certain articles of the *Civil Code* and

of the *Code of Practice*," makes no change in the *Code of* *Practice* in relation to the estates of absentees.

*Seghers,* for appellant.

The Court of Probates has jurisdiction in this case. *Code of Practice, arts.* 925, 963, 964. *Civil Code, art.* 53.

*Schmidt,* for appellee.

The Court of Probates has no jurisdiction of the matter in controversy. *Code of Practice, arts.* 925, 924, *act of March* 25, 1828. The judgment should, therefore, be confirmed.

The opinion of the Court was delivered by Martin, J.

The plaintiff is appellant from a judgment sustaining the defendant's plea to the jurisdiction of the court, on the grounds that he was sued as the curator of Rillieux, an absentee, for a debt of the latter, and the action could not be brought in any other than the Parish or District Court.

The appellant has relied on the *Code of Practice,* 925, 963 and 964. *The Civil Code,* 53, and the 14*th section of the act of Assembly of* 1828, *p.* 156.

It appears to us that the court did not err. The *Code of Practice,* 963, vests in Courts of Probates, exclusively, the appointment of curators of absentees; the next article prescribes to other courts in which an absentee has a suit, to appoint him a curator *ad hoc,* and we find nothing that can avail the plaintiff in article 925. The *Civil Code,* in the part cited, imposes on curators of absentees, all the obligations, responsibilities and mortgages, to which tutors are subjected. Hence they are to render an account of their administration in the Court of Probates. It would be, in our opinion, too forced a construction of the Code, to infer from this circumstance, that they are sueable in that court. It is not shown, that tutors are, except in cases of debts of their minors, resulting from the compliance of a successor, with the benefit of an inventory.

The Probate Court cannot entertain jurisdiction of a suit against the curator of an absentee.

The act of 1828, cited, relates only to curators of vacant estates; if there could be any doubt of this, it would vanish on a recurrence to the French text, of the 14th section, which uses the words, *curateurs des successions.*

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be affirmed, with costs.